**MEMBERS**
**LOUANN VAN DER WIELE**
*CHAIRPERSON*
**REV. MICHAEL MURRAY**
*VICE-CHAIRPERSON*
**DULCE M. FULLER**
*SECRETARY*
**JAMES A. FINK**
**JOHN W. INHULSEN**
**JONATHAN E. LAUDERBACH**
**BARBARA WILLIAMS FORNEY**
**KAREN D. O'DONOGHUE**
**MICHAEL B. RIZIK, JR.**

**MARK A. ARMITAGE**
*EXECUTIVE DIRECTOR*

**WENDY A. NEELEY**
*DEPUTY DIRECTOR*

**KAREN M. DALEY**
*ASSOCIATE COUNSEL*

**SHERRY L. MIFSUD**
*OFFICE ADMINISTRATOR*

**ALLYSON M. PLOURDE**
*CASE MANAGER*

**OWEN R. MONTGOMERY**
*CASE MANAGER*

**JULIE M. LOISELLE**
*RECEPTIONIST/SECRETARY*

# STATE OF MICHIGAN
# ATTORNEY DISCIPLINE BOARD



211 WEST FORT STREET, SUITE 1410
DETROIT, MICHIGAN 48226-3236
PHONE: 313-963-5553 | FAX: 313-963-5571

www.adbmich.org

## NOTICE OF DISBARMENT
(Pending Review)

Case No. 14-36-GA

**Notice Issued: September 21, 2017**

Michael E. Tindall, P 29090, Falls Church, Virginia, by the Attorney Discipline Board Tri-County Hearing Panel #104.

Disbarred, Effective September 20, 2017

Based on the evidence presented by the parties at the hearings held in this matter, the hearing panel found that respondent committed the professional misconduct alleged in the formal complaint by bringing frivolous proceedings and asserting frivolous issues, in violation of MRPC 3.1. The panel also found that respondent engaged in conduct that involved dishonesty, fraud or misrepresentation, where such conduct reflected adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer, in violation of MRPC 8.4(b); engaged in conduct that was in violation of the Michigan Rules of Professional Conduct, in violation of MRPC 8.4(a) and MCR 9.104(4); engaged in conduct that was prejudicial to the administration of justice, in violation of MRPC 8.4(c) and MCR 9.104(1); engaged in conduct that exposed the legal profession or the courts to obloquy, contempt, censure, or reproach, in violation of MCR 9.104(2); and engaged in conduct that was contrary to justice, in violation of MCR 9.104(3).

The panel ordered that respondent be disbarred from the practice of law. Respondent filed a timely petition for review and this matter has been scheduled for hearing before the Attorney Discipline Board. Respondent also filed a request for a stay of discipline which was denied by the Board on September 21, 2017.

Mark A. Armitage
Executive Director

STATE OF MICHIGAN

# Attorney Discipline Board

FILED
ATTORNEY DISCIPLINE BOARD
2017 AUG 29  AM 11: 21

GRIEVANCE ADMINISTRATOR,
Attorney Grievance Commission,

    Petitioner,

v                                          Case No. 14-36-GA

MICHAEL E. TINDALL, P 29090,

    Respondent.
_____/

## ORDER OF DISBARMENT

Issued by the Attorney Discipline Board
Tri-County Hearing Panel #104

Lawrence S. Katz, Chairperson
Dana M. Warnez, Member
Alicia J. Skillman, Member

    This matter is before the panel upon the filing of Formal Complaint 16-36-GA charging that respondent, Michael E. Tindall, has committed acts of professional misconduct warranting discipline. The panel has reported its findings and conclusions as to misconduct and discipline;

    **NOW THEREFORE,**

    **IT IS ORDERED** that respondent, Michael E. Tindall, is **DISBARRED** from the practice of law in Michigan **EFFECTIVE SEPTEMBER 20, 2017**, and until further order of the Supreme Court, the Attorney Discipline Board or a hearing panel, and until respondent complies with the requirements of MCR 9.123(B) and (C) and MCR 9.124.

    **IT IS FURTHER ORDERED** that from the effective date of this order and until reinstatement in accordance with the applicable provisions of MCR 9.123, respondent is forbidden from practicing law in any form; appearing as an attorney before any court, judge, justice, board, commission or other public authority; or holding himself out as an attorney by any means.

    **IT IS FURTHER ORDERED** that, in accordance with MCR 9.119(A), respondent shall, within seven days after the effective date of this order, notify all of his active clients, in writing, by registered or certified mail, return receipt requested, of the following:

        1.    the nature and duration of the discipline imposed;

        2.    the effective date of such discipline;

3. respondent's inability to act as an attorney after the effective date of such discipline;

4. the location and identity of the custodian of the clients' files and records which will be made available to them or to substitute counsel;

5. that the clients may wish to seek legal advice and counsel elsewhere; provided that, if respondent was a member of a law firm, the firm may continue to represent each client with the client's express written consent;

6. the address to which all correspondence to respondent may be addressed.

**IT IS FURTHER ORDERED** that in accordance with MCR 9.119(B), respondent must, on or before the effective date of this order, in every matter in which respondent is representing a client in litigation, file with the tribunal and all parties a notice of respondent's disqualification from the practice of law.

**IT IS FURTHER ORDERED** that, respondent shall, within 14 days after the effective date of this order, file with the Grievance Administrator and the Attorney Discipline Board an affidavit of compliance as required by MCR 9.119(C).

**IT IS FURTHER ORDERED** that respondent's conduct after the entry of this order but prior to its effective date, shall be subject to the restrictions set forth in MCR 9.119(D); and respondent's compensation for legal services shall be subject to the restrictions described in MCR 9.119(F).

**IT IS FURTHER ORDERED** that respondent shall, on or before September 20, 2017, pay costs in the amount of **$4,631.07**. Check or money order shall be made payable to the Attorney Discipline System and submitted to the Attorney Discipline Board [211 West Fort St., Ste. 1410, Detroit, MI 48226] for proper crediting. (See attached instruction sheet.)

**ATTORNEY DISCIPLINE BOARD**
Tri-County Hearing Panel #104

By: _____
Lawrence S. Katz, Chairperson

Dated: August 29, 2017

2